# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MIA A. MCDONALD, | Case No.: 2:17-cv-01445-RFB-NJK |
| Plaintiff(s), | **Order** |
| v. | (Docket No. 13) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion for reversal and/or remand. Docket No. 13. The Commissioner filed a response in opposition and a cross-motion to affirm. Docket No. 19. Plaintiff filed a reply. Docket No 20.

One of the primary disputes on appeal is whether the ALJ erred in rejecting the opinion of Dr. Uzma Zafar that Plaintiff met or equaled Listings 12.04 and/or 12.06. Docket No. 13 at 11. A reason provided by the ALJ in doing so was the inconsistency between Dr. Zafar's treatment notes and her finding that Plaintiff has various marked limitations. Administrative Record ("A.R.") 23; *see also* Docket No. 19 at 7. Both parties acknowledge that the treatment notes include some relatively mild findings. Docket Nos. 13 at 12-15, 19 at 7, 20 at 3. The crux of Plaintiff's position is that Dr. Zafar's treatment notes support a finding that Plaintiff's disorders meet or equal the requirements of Listings 12.04 and/or 12.06. Docket No. 13 at 12-13. Plaintiff further submits that the few mild findings do not contradict Dr. Zafar's conclusion "that if Plaintiff attempted to return to a work environment, those circumstances would induce stress that would significantly

worsen Plaintiff's mental health symptoms and lead to inappropriate social behavior…." Docket No. 20 at 3. The Commissioner's position is that Dr. Zafar's treatment notes regarding, *inter alia*, Plaintiff's cooperative attitude, groomed appearance, and appropriate affect, are inconsistent with her ultimate findings of marked limitations. Docket No. 19 at 7.

Neither party has cited or discussed *Holohan v. Massanari*, in which the Ninth Circuit addressed a similar argument with respect to a determination of whether Listing 12.04 had been met. 246 F.3d 1195, 1203-05 (9th Cir. 2001). There, the Ninth Circuit held that inconsistent aspects of the doctor's own treatment notes had to be "read in context of the overall diagnostic picture he draws" and, therefore, that the ALJ improperly selectively relied on the treatment record. *Id.* at 1205. Moreover, the Ninth Circuit found that "a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace." *Id.* The Ninth Circuit then concluded that the physician's treatment notes in that case, which provided "hopeful comments" about the claimant's limitations were not inconsistent with the opinion that the claimant met the conditions in Listing 12.04. *Id.* at 1205, 1206.

Given that the parties' briefing implicates similar issues, the Court hereby ORDERS that they each file a supplemental brief explaining whether and how *Holohan* impacts the Court's decision regarding the ALJ's rejection of Dr. Zafar's opinion on the basis of inconsistent treatment notes. The briefs shall be no longer than five pages, and shall be filed by May 29, 2018.

IT IS SO ORDERED.

Dated: May 16, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge