UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MIA A. MCDONALD,<br><br>  Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>  Acting Commissioner of Social Security,<br>  Defendant. | Case No. 2:17-cv-01445-RFB-NJK<br><br>**REPORT AND RECOMMENDATION** |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title II of the Social Security Act. The Court has considered Plaintiff's motion for reversal and/or remand, the Commissioner's countermotion to affirm and response to Plaintiff's motion, Plaintiff's reply, and the parties' supplemental briefs. Docket Nos. 13, 19, 20, 22, 23. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.   STANDARDS**

  A.   Judicial Standard of Review

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in

1

controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which

the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

B. Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 416.920(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to

work. 20 C.F.R. § 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 416.909), then a finding of disabled is made. 20 C.F.R. § 416.920(d). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. § 416.920(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 416.929; SSRs 96-4p, 96-7p.[2] To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Id.*

[2] SSR 96-7p has been superseded by SSR 16-3p, which became effective after the ALJ's decision in this case.

The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 416.927.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. § 416.920(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 416.960(b), 416.965. If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

**II.   BACKGROUND**

A.   Procedural History

On November 1, 2013, Plaintiff filed an application for disability insurance benefits alleging a disability onset date of September 28, 2012. Administrative Record ("A.R.") 137-143. Plaintiff's claims were denied initially on February 12, 2014, and upon reconsideration on May 5, 2014. A.R. 83-86, 90-92. Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 93-94. On October 22, 2015, Plaintiff, Plaintiff's attorney, and a vocational expert appeared for a hearing before ALJ Norman L. Bennett. A.R. 33-51. On November 20, 2015, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability

from September 28, 2012, through the date of the decision. A.R. 18-26. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on March 15, 2017. A.R. 1-7. On May 19, 2017, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Docket No. 1.

### B.     The ALJ's Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520, and issued an unfavorable decision on November 25, 2015. A.R. 18-26. At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2017, and has not engaged in substantial gainful activity since September 28, 2012. A.R. 20. At step two, the ALJ found that Plaintiff has the following medically determinable impairments: bipolar disorder, obsessive compulsive disorder, panic disorder, and obesity. A.R. 20. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1. A.R. 20. The ALJ found that Plaintiff has the RFC to

> lift and/or carry fifty pounds occasionally, twenty-five pounds frequently, stand and/or walk for six hours in an 8-hour workday and sit for six hours in an 8-hour workday. [Plaintiff] was, also, limited to simple, repetitive tasks with short, superficial contact with supervisors, coworkers and the general public.

A.R. 22. At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. A.R. 24. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on her age, education, work experience, and RFC. A.R. 25. In doing so, the ALJ defined Plaintiff, age 42, as a younger individual age 18-49 on the alleged disability onset date, with at least a high school education and able to communicate in English. A.R. 25. The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same RFC and vocational factors can perform work as a linen room attendant, kitchen helper, and dining room attendant. A.R. 25. The ALJ, therefore, found that Plaintiff is "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." A.R. 25.

6

Based on all these findings, the ALJ found Plaintiff not disabled and denied the application for a period of disability and disability insurance benefits. A.R. 26.

### III. ANALYSIS AND FINDINGS

On appeal, Plaintiff raises four arguments. *See generally* Docket No. 13. First, Plaintiff contends that the ALJ improperly rejected the objective medical evidence from Dr. Uzma Zafar, which establishes that her mental impairments meet or equal Listings 12.04 and/or 12.06. *Id.* at 11-15. Second, Plaintiff contends that the ALJ improperly rejected Dr. Lisa Shaffer's medical opinion. *Id.* at 15-17. Third, Plaintiff contends that the ALJ erred in rejecting her testimony. *Id.* at 17-20. Fourth, Plaintiff contends that the ALJ improperly rejected the lay witness testimony. *Id.* at 20-22.

#### A. Objective Medical Evidence

The ALJ gave little weight to Dr. Zafar's opinion because "the record as a whole, including Dr. Zafar's own treatment notes, did not reveal the type of findings that would support Dr. Zafar's finding that [Plaintiff's] mental impairments were so severe as to be disabling." A.R. 23. Plaintiff contends that the treatment records and Dr. Zafar's opinion establish that her bipolar disorder meets the requirements of Listing 12.04, and that her anxiety disorder meets the requirements of Listing 12.06. *Id.* at 11-13. Plaintiff further contends that the ALJ's finding is improper because the ALJ fails to discuss Dr. Zafar's opinion, does not specify which parts of Dr. Zafar's treatment notes conflicted with his findings, and makes "no attempt to describe what type of findings the ALJ believed should have been present in Dr. Zafar's treatment notes." *Id.* at 13-14. Finally, Plaintiff contends that the ALJ fails to provide clear and convincing, or specific and legitimate, reasons for rejecting Dr. Zafar's opinion. *Id.* at 14.

In response, the Commissioner submits that the ALJ need not provide more than a summary of the record and, therefore, properly evaluated whether Plaintiff meets the Listings by reviewing her symptoms and providing the factual foundation upon which his "ultimate factual conclusions are based." Docket No. 19 at 4 (internal citations omitted). The Commissioner further submits that the record as a whole supports the ALJ's finding that Plaintiff's mental status examinations revealed relatively mild findings and, therefore, does not "support the degree of restrictions Dr.

7

Zafar assessed." *Id.* at 6 (citing reports from other doctors indicating that, *inter alia*, "despite symptoms of depression and anxiety, Plaintiff had no thoughts of self-harm … exhibited no psychotic symptoms … presented well-groomed … good memory … appropriate affect … [and] good eye contact"). The Commissioner further submits that Dr. Zafar's treatment notes are inconsistent: "[f]or example, Dr. Zafar assessed marked difficulties in social functioning yet she opined Plaintiff [was limited but could satisfactorily] interact appropriately with the general public, maintain socially appropriate behavior, accept instructions from and respond appropriately to criticism from supervisors, [and] get along with co-workers and peers…." *Id.* at 7 (internal citation omitted). The Commissioner further submits that Plaintiff's daily activities, consisting of "a variety of household chores" and "consistent communication with friends and family," contradicted Dr. Zafar's findings that Plaintiff was totally disabled and had marked difficulties in social functioning. *Id.* at 8. Finally, the Commissioner submits that the ALJ properly relied on the opinions of the state agency psychologists, who found that Plaintiff was moderately limited in social functioning and concentration, "because their conclusions were consistent with the overall record." *Id.*

In reply, Plaintiff contends that, although Dr. Zafar's treatment notes illustrate some relatively mild findings, her ability to present well during doctor visits "is not properly compared to her ability to sustain good mental functioning for an entire work day…." Docket No. 20 at 3. Plaintiff further contends that her daily activities do not contradict Dr. Zafar's findings because "these types of activities at home [do] not always translate accurately to an ability to sustain these types of activities in a work setting." *Id.* at 4 (citing *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014) (noting the differences between the ability to engage in activities of daily living and activities in a full-time job, and that the "failure to recognize these differences is a recurrent, and deplorable, feature of opinions by [ALJs] in social security cases") (internal citation omitted)).

The Ninth Circuit has developed a robust body of law regarding the dynamic nature of mental health conditions. "That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in the workplace." *Holohan v. Massanari*, 246 F.3d 1195,

1205 (9th Cir. 2001). Instead, the Ninth Circuit has recognized that "[c]ycles of improvement and debilitating symptoms are a common occurrence," such that an ALJ cannot discount attestations of impairment "merely because symptoms wax and wane in the course of treatment." *Garrison*, 759 F.3d at 1017; *see also Attmore v. Colvin*, 827 F.3d 872, 878 (9th Cir. 2016) ("It is the nature of bipolar disorder that symptoms wax and wane over time"). While a conflict between treatment notes and a treating provider's opinion remains a legally sound reason for discounting that opinion, an ALJ may not simply seize on aspects of the opinion that appear to be inconsistent without also accounting for aspects of the treatment records that are consistent. *Holohan*, 246 F.3d at 1205; *see also Ghanim v. Colvin*, 763 F.3d 1154, 1161-62 (9th Cir. 2014) (finding that "occasional indicia of improvement [and] a minimal capacity to perform basic chores," *inter alia*, are not adequate "to reject the opinions of a treating physician…."); *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1200-01 (9th Cir. 2008). The ALJ must analyze seemingly inconsistent references in the treatment notes "in context of the overall diagnostic picture" that the provider has drawn. *Holohan*, 246 F.3d at 1205. This requires an ALJ to conduct a holistic review of the record.

For example, in *Holohan*, the record reflected the treating physician's "hopeful comments" that the claimant's condition was improving, including a statement that the claimant was "doing better" and was improving through medication. *Id*. The treatment notes also included, however, indications that the claimant felt demoralized, trapped, anxious and depressed. *Id.* The Ninth Circuit found that the ALJ erred in discounting the treating physician's opinion on the basis of inconsistency with the treatment notes because there was no inconsistency when read in full and in context. *Id.*

In response to the Court's order regarding whether and how *Holohan* impacts the Court's decision on the issue of Dr. Zafar's opinion, the Commissioner submits that *Holohan* is distinguishable from the instant case on four fronts. *See generally* Docket No. 22. First, the Commissioner submits that the ALJ in *Holohan* cited only to one treating physician's notes to support the finding that Plaintiff had improved, while the ALJ in the instant case cites to two other collections of treatment notes to support his rejection of Dr. Zafar's findings. *Id.* at 2-3 (internal citations omitted). Second, the Commissioner submits that, unlike the treating physician's notes

9

in *Holohan*, Dr. Zafar's form is "irreconcilably self-contradictory." *Id.* at 3 (internal citations omitted). In support of this argument, the Commissioner submits that Dr. Zafar's stated finding regarding Plaintiff were relatively mild, and yet she checked the boxes for marked difficulties in social functioning and concentration, persistence or pace. *Id.* at 3-4. Third, the Commissioner submits that the "contradictory opinions in *Holohan* were from doctors who 'simply checked boxes on form reports,'" while in the instant case, it is Dr. Zafar who merely checked boxes on her form with no explanation, while the "contrary opinion was highly detailed and comprehensive." *Id.* at 4 (internal citations omitted). Finally, the Commissioner submits that the treating physician in *Holohan* wrote a detailed letter describing the plaintiff's limitations, while Dr. Zafar failed to explain Plaintiff's limitations in the form, despite the fact that the form explicitly directed her to provide details. *Id.* at 5 (internal citations omitted).

Plaintiff contends that *Holohan* requires reversal or remand because, as in *Holohan*, the ALJ in the instant case took a treating physician's notations of improvement and mild findings out of context, and improperly concluded that those few instances were inconsistent with the treating physicians' findings that Plaintiff met the Listings at issue. Docket No. 23 at 3-4.

The ALJ's discussion of Dr. Zafar's opinion is insufficient to convince the Court that he engaged in a holistic review of the record and considered Plaintiff's overall diagnostic picture. A.R. 23. The ALJ makes the conclusory statement that "[a]s discussed above, the record as a whole, including Dr. Zafar's own treatment notes, did not reveal the type of findings that would support Dr. Zafar's finding that the claimant's mental impairments were so severe as to be disabling." *Id.* Absent from the ALJ's opinion is an acknowledgement that, although Plaintiff had "good days" (A.R. 342, 344) and certain mediation improved her symptoms (A.R. 341, 344), the treatment notes also reflect periods of sleeplessness, increased anxiety and panic attacks, inability to focus, crying, and depression or poor mood. (A.R. 263-264, 285, 306, 309, 311, 327, 340-352). Indeed, in rejecting Dr. Zafar's opinion, the ALJ acknowledges only the form Dr. Zafar completed, but fails to acknowledge her treatment notes at Exhibit 7F.[3] *Compare* A.R. 23 *with* A.R. 340-351.

---

[3] The ALJ does not argue that Dr. Zafar's treatment notes were conflicting. A.R. 23. Instead, this argument was raised for the first time in the Commissioner's response. Docket No. 19 at 7. The ALJ states that Dr. Zafar's treatment notes "did not reveal the type of findings that

1    The Court therefore finds that remand is appropriate for the ALJ to conduct a holistic
2 review of the record and, to the extent the ALJ believes Dr. Zafar's opinion conflicts with any
3 instances of improvement or mild findings, to explain how that conclusion is consistent with the
4 overall diagnostic picture.

### B.   Dr. Shaffer's Opinion

6    The ALJ gave little weight to Dr. Shaffer's finding that Plaintiff was markedly limited in
7 social interactions, but "[o]therwise, [gave] great weight …to the remainder of [] Dr. Shaffer's
8 opinion." A.R. 23. Plaintiff contends that the ALJ failed to provide clear and convincing reasons
9 in rejecting Dr. Shaffer's finding. Docket No. 13 at 15. Plaintiff further contends that any
10 relatively mild findings "during one-on-one medical examinations do not demonstrate an ability
11 to maintain social functioning in a work setting." *Id*. Additionally, Plaintiff contends that Dr.
12 Shaffer's opinion is supported by the overall record, as Dr. Zafar found that Plaintiff had markedly
13 limited social functioning and Plaintiff's prior treating physician "suspected" that Plaintiff had,
14 *inter alia*, antisocial personality disorder. *Id.* at 16.

15   Plaintiff next submits that, although the ALJ "purported to accept the part of Dr. Shaffer's
16 opinion indicating that Plaintiff would be limited to understanding, remembering, and carrying out
17 simple, [one] to [two]-step instructions," he failed to include this factor in presenting the

---

would support Dr. Zafar's finding…." A.R. 23. The Court does not find that this statement is equivalent to the Commissioner's argument that Dr. Zafar's treatment notes were conflicting. The remaining arguments supporting the ALJ's rejection of Dr. Zafar's opinion were also submitted for the first time by the Commissioner. *Compare id. with* Docket No. 19 at 6-9. *See e.g.*, *Bray*, 554 F.3d at 1225 ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ - not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking") (internal citation omitted); *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (Reviewing "only the reasons provided by the ALJ in the disability determination" and finding that the Court "may not affirm the ALJ on a ground upon which he did not rely") (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (Finding that the district court erred in affirming the ALJ's credibility decision "based on evidence that the ALJ did not discuss")); *Carter v. Berryhill*, 2017 U.S. Dist. LEXIS 190309 (D. Nev. Nov. 16, 2017) (Acknowledging that, although the Commissioner "offers a number of facts in the record that could amount to substantial evidence for the ALJ's decision … the Court cannot consider these post hoc realizations. The Court must review the ALJ's decision based on the reasoning and factual findings offered by the ALJ").

11

1 hypothetical to the vocational expert at the hearing. *Id.* Plaintiff contends that a limitation to one
2 to two-step instructions restricts her to jobs with a general educational development ("GED") level
3 of 1, whereas the ALJ's finding that Plaintiff is limited to simple, repetitive tasks restricts her to
4 jobs with a GED level of 2. *Id.* at 16-17. The vocational expert identified three jobs, one with a
5 GED level of 2, and two with a GED level of 3. *Id.* at 17; *see also* A.R. 25, 47-48. Therefore,
6 Plaintiff contends, the ALJ improperly adopted these jobs at step five of the evaluation process.
7 *Id.* at 17.

8    In response, the Commissioner submits that Dr. Shaffer found that Plaintiff "would be
9 *unimpaired* in carrying out one to two-step tasks" and, therefore, that Plaintiff was not limited to
10 such tasks. Docket No. 19 at 9 (emphasis in original). The Commissioner further submits that the
11 state agency psychologists properly translated Dr. Shaffer's finding to limit Plaintiff to simple,
12 repetitive tasks and, that the ALJ properly adopted their translation. *Id.* (internal citations
13 omitted). Finally, the Commissioner submits that a limitation to simple, repetitive tasks is
14 equivalent to a GED level of 2 and, therefore, that two of the jobs identified by the vocational
15 expert are proper. *Id.* at 10.

16    In reply, Plaintiff reiterates that the ALJ failed to provide clear and convincing reasons why
17 he rejected part of Dr. Shaffer's opinion. Docket No. 20 at 5. Plaintiff further reiterates that one
18 to two-step tasks are the most she can do and that Dr. Shaffer's opinion should be taken at face
19 value, rather than translated. *Id.* Finally, Plaintiff contends that the Commissioner "appears to
20 concede" that the job of linen room attendant is eliminated from step five because it qualifies under
21 GED level 3 and the Commissioner submits that a limitation of simple, repetitive tasks restricts
22 her potential jobs to those which qualify under GED level 2. *Id.* at 5-6.

23    The Commissioner cites to *Stubbs-Danielson v. Astrue* and *Rounds v. Comm'r of Soc. Sec.*
24 *Admin.* to support her argument that the translation of one to two-step tasks to simple, repetitive
25 tasks was proper. 539 F.3d 1178 (9th Cir. 2008) and 795 F.3d 1177 (9th Cir. 2015). In *Stubbs-*
26 *Danielson*, the Ninth Circuit found that the ALJ's translation of the plaintiff's RFC from "simple
27 tasks" to "simple, routine, and repetitive tasks" properly incorporated the limitations identified by
28 the plaintiff's physicians. 539 F.3d at 1173-174. The Court reasoned that the translation was

12

proper because it was "the only concrete restriction[] available to [the ALJ] – [the physician's] recommended restriction to 'simple tasks'." *Id.* at 1174. The difference between the translation in *Stubbs-Danielson* from "simple" to "simple, routine, and repetitive" is much less attenuated, however, than the difference between the translation in the instant case from one to two-step tasks to simple, repetitive tasks.[4]

The Commissioner's reliance on *Rounds* is also misplaced. The Commissioner argues that a limitation to simple, repetitive tasks "is consistent with, and arguably even more restrictive" than a limitation to one to two-step tasks. Docket No. 19 at 9. In *Rounds*, the Ninth Circuit found that a conflict existed between a RFC limiting the plaintiff to one to two-step tasks and jobs identified by the vocational expert with a GED level of 2. 795 F.3d at 1003-004. "Only tasks with more than one or two steps would require [the] 'detailed' instructions [present in jobs with a GED level of 2]." *Id.* The ALJ in *Rounds*, however, failed to reconcile the conflict between the plaintiff's RFC and the vocational expert's testimony that the plaintiff was capable of performing jobs with a GED level of 2. *Id.* at 1004. The Ninth Circuit, therefore, remanded the case because the ALJ failed to explain why a limitation to one to two-step tasks "should not be taken at face value." *Id.* In the instant case, the ALJ expressly rejected Dr. Shaffer's opinion as to Plaintiff's social limitations, but gave great weight to the remainder of her opinion, which includes Dr. Shaffer's finding that Plaintiff is limited to one to two-step tasks. *Compare* A.R. 23 *with* A.R. 298. However, the ALJ fails to explain why this limitation, which he accepted, was not taken at face value. *See generally* A.R. 20-25.

---

[4] Courts within this District permit an ALJ to translate a plaintiff's moderate limitations in concentration, persistence, or pace to similar but concrete limitations in instances where the ALJ relies on medical opinion, and where substantial evidence supports the finding. *See e.g.*, *Macbrair v. Colvin*, 2017 U.S. Dist. LEXIS 24713, at *10-13 (D. Nev. Feb. 2, 2017); *Chavez v. Colvin*, 2016 U.S. Dist. LEXIS 179308, at *22-24 (D. Nev. July 1, 2016); *Vandiver v. Colvin*, 2016 U.S. Dist. LEXIS 186060, at *12-13 (D. Nev. June 27, 2016). The instant case, however, is distinguishable in that the ALJ gave great weight to Dr. Shaffer's opinion that Plaintiff was unimpaired in carrying out one to two-step tasks but mildly to moderately impaired in carrying out complex/detailed instructions, yet failed to reconcile this finding with the vocational expert's testimony regarding jobs available to Plaintiff in the national economy. A.R. 47-49.

The Court finds that the ALJ's failure to reconcile the vocational expert's testimony regarding jobs available to Plaintiff and the translation were legal error and, therefore, that remand is appropriate on this issue.

### C. Plaintiff's Credibility

Plaintiff contends that the ALJ improperly rejected her testimony because, *inter alia*, he failed to provide clear and convincing reasons for his determination. Docket No. 13 at 17-18. Plaintiff further contends that: (1) the ALJ's reliance on Plaintiff's activities of daily living was misplaced because engaging in such activities does not translate into an ability to engage in workplace activities on a regular basis; (2) Plaintiff's ability to work in September 2012 does not contradict her testimony because she testified she worked when her "symptoms were in a relative lull" and the ALJ "found Plaintiff's current limitations preclude her from returning to her past relevant work;" (3) receipt of unemployment benefits does not discredit her testimony because the record fails to state whether she held herself out as able to work full-time or part-time; and (4) the ALJ's comments regarding Plaintiff's appearance and demeanor at the hearing were not sufficiently specific. *Id.* at 18-20 (internal citations omitted).

In response, the Commissioner: (1) lists Plaintiff's activities of daily living; (2) submits that Plaintiff's ability to work "in spite of her symptoms … undermines her contention that, as of her alleged onset, she was unable to work;" (3) submits that the receipt of unemployment benefits casts doubts on Plaintiff's claim of disability; and (4) submits that the ALJ's credibility finding stands, even if one factor upon which he relied is deemed invalid. Docket No. 19 at 10-13 (internal citations omitted).

As the Court is recommending remand to the ALJ for further proceedings, the Court need not decide this issue. A holistic review of the record, taking into account the overall diagnostic picture, may affect the ALJ's decision on this issue on remand.

### D. Lay Witness Testimony

The ALJ rejected the testimony of Robin McDonald ("Ms. McDonald"), Plaintiff's mother, because, although "[c]ertain aspects" were consistent with the ALJ's conclusions, "the record as a whole did not support her opinion that the claimant was unable to perform any basic work activity."

AR. 23-24. Plaintiff contends that the ALJ improperly rejected Ms. McDonald's testimony because she "did not state Plaintiff was 'unable to perform any basic work activity'[,]" but instead described Plaintiff's mood swings and inability "during relevant times … to perform regular, full-time work on a continuing basis." Docket No. 13 at 20-21. Plaintiff further contends that Ms. McDonald's testimony was consistent with the medical evidence and opinion of Dr. Zafar and Dr. Shaffer. *Id.* at 21.

In response, the Commissioner submits that the ALJ provided germane reasons in rejecting Ms. McDonald's testimony. Docket No. 19 at 14. The Commissioner further submits that Ms. McDonald's testimony did not provide any new information and that, because the ALJ had "well-supported reasons for rejecting the claimant's testimony[,] … any deficiency in the ALJ's discussion of the lay witness statement [is] harmless because it would not have changed the ultimate non-disability information." *Id.* (internal citation omitted). In reply, Plaintiff reiterates that Ms. McDonald's testimony was consistent with Dr. Zafar and Dr. Shaffer's opinions and that her testimony establishes that, "Plaintiff did not have the ability to perform regular, full-time work on a continuing basis." Docket No. 20 at 9.

As the Court recommends remand to the ALJ for further proceedings, it need not decide this issue. A holistic review of the record, taking into account the context of the overall diagnostic picture may affect the ALJ's decision on this issue on remand.

## V.    CONCLUSION

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's motion for reversal and/or remand (Docket No. 13) be **GRANTED** and that the Commissioner's countermotion to affirm (Docket No. 19) and supplemental motion for summary judgment (Docket No. 22) be **DENIED**, and that this case be **REMANDED** for further proceedings.

Dated: August 22, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).